IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CR-44-D
No. 7:11-CV-116-D

| | | |
|---|---|---|
| TERRON MCALLISTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 18, 2007, pursuant to a written plea agreement [D.E. 54], Terron McAllister ("McAllister" or "petitioner") pled guilty to possession with the intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) [D.E. 45, 53]. On June 11, 2008, the court sentenced McAllister to 180 months' imprisonment for the violation of section 841(a)(1), and to a consecutive term of 60 months' imprisonment for the violation of section 924(c)(1), resulting in a total of 240 months' imprisonment [D.E. 76–77]. Also on June 11, 2008, McAllister filed a notice of appeal [D.E. 80]. On June 17, 2008, the court issued an order explaining McAllister's sentence [D.E. 78]. On May 28, 2010, in an unpublished per curiam opinion, the Fourth Circuit affirmed McAllister's conviction and sentence [D.E. 89–90]. On June 21, 2010, the Fourth Circuit issued the mandate [D.E. 91]. McAllister did not seek certiorari.

On May 31, 2011, McAllister filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 95] and a supporting memorandum, Mem. Supp. Mot. Vacate [D.E. 96]. On June 9, 2011, the court ordered McAllister to refile the section 2255 motion on the proper forms [D.E. 97]. On June 21, 2011, McAllister refiled the section 2255 motion. 2d Mot. Vacate [D.E.

99].[1] On August 17, 2011, the United States ("government" or "respondent") moved to dismiss the section 2255 motion [D.E. 103] and filed a supporting memorandum [D.E. 104]. On October 11, 2011, McAllister moved for an extension of time to respond to the motion to dismiss [D.E. 108]. However, that day, McAllister responded in opposition to the motion to dismiss [D.E. 109]. On March 23, 2012, McAllister moved for resolution of the section 2255 motion [D.E. 110]. As explained below, the court grants the government's motion to dismiss and dismisses McAllister's section 2255 motion. The court denies the other motions as moot.

## I.

On November 6, 2007, the court held a sentencing hearing in McAllister's case [D.E. 61]. At the sentencing hearing, McAllister objected to the probation officer's recommendation in the Presentence Report ("PSR") that McAllister not receive a three-level reduction for acceptance of responsibility pursuant to section 3E1.1 of the United States Sentencing Guidelines. See June 17, 2008 Order [D.E. 78] 6; see also Nov. 6, 2007 Hr'g Tr. [D.E. 66] 17. Probation made this recommendation because evidence established that, while incarcerated, McAllister attempted to prevent Bobby Perez ("Perez") and Terry Rice ("Rice"), co-conspirators who were also incarcerated, from testifying against him. June 17, 2008 Order 3. McAllister did so by ordering fellow gang members "to assault and intimidate Perez and . . . Rice . . . ." Id.; see Nov. 6, 2007 Hr'g Tr. 151–59.

During the sentencing hearing, McAllister, testifying under oath, denied causing Perez and Rice to be assaulted. Nov. 6, 2007 Hr'g Tr. 126–49. Perez and Rice, also testifying under oath, said the opposite. Id. 45–83. Also during the sentencing hearing, the government introduced the results of a polygraph examination of McAllister, which indicated that McAllister had attempted deception

---

[1] McAllister's conviction became final on August 26, 2010. See [D.E. 91]; see also Sup. Ct. R. 13(1). McAllister refiled the section 2255 motion on June 21, 2011. See 2d Mot. Vacate. Thus, McAllister filed the section 2255 motion within one year of "the date on which the judgment of conviction [became] final . . . ." 28 U.S.C. § 2255(f)(1). Accordingly, McAllister's motion is timely. See id. Although McAllister refiled the section 2255 motion, the original filing remains pending. Thus, the court treats the two pending motions as a single section 2255 motion.

2

when asked "whether he had ordered any bodily harm against Perez and Rice." June 17, 2008 Order 7; see Nov. 6, 2007 Hr'g Tr. 34–36, 133. At the conclusion of the sentencing hearing, the court found that Perez and Rice were credible, that McAllister was not credible, and that McAllister had committed perjury. See Nov. 6, 2007 Hr'g Tr. 154–55; Nov. 16, 2007 Order [D.E. 62] 1–2; June 17, 2008 Order 7. The court then announced that it was considering an upward departure under the United States Sentencing Guidelines and an upward variance. Nov. 6, 2007 Hr'g Tr. 156–57; see June 17, 2008 Order 7–8. The court repeated this notice in a written order. See Nov. 16, 2007 Order 2–3; Fed. R. Crim. P. 32(h). The court continued the sentencing hearing to allow Probation to revise the PSR to reflect McAllister's conduct during the November 6, 2007 sentencing hearing and to permit McAllister to address the possible upward departure and upward variance. See Nov. 6, 2007 Hr'g Tr. 157; Nov. 16, 2007 Order.

On March 11, 2008 the court reconvened the sentencing hearing [D.E. 68]. At the beginning of the sentencing hearing, the court granted McAllister's request to terminate his attorney, ordered that another attorney be appointed to represent McAllister, and continued the sentencing hearing. See id.; June 17, 2008 Order 8. On June 11, 2008, the court again reconvened the sentencing hearing [D.E. 76]. The court overruled McAllister's objections and calculated McAllister's advisory Guideline range by applying a two-level enhancement for obstruction of justice and denying McAllister a reduction for acceptance of responsibility. June 11, 2008 Hr'g Tr. [D.E. 86] 18–25; see June 17, 2008 Order 10. The court initially determined that the advisory Guideline range for McAllister's violation of section 841(a)(1) was 97 to 121 months' imprisonment. June 11, 2008 Hr'g Tr. 25; see June 17, 2008 Order 10. The court then applied a two-level upward departure pursuant to section 5K2.0, finding that there were "aggravating . . . circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." June 17, 2008 Order 11–12 (quotation omitted); June 11, 2008 Hr'g Tr. 33–35; see U.S.S.G. § 5K2.0. The court also applied a two-level upward departure pursuant to section 5K2.2, finding that "significant

3

physical injury resulted" from McAllister's obstructive conduct. June 17, 2008 Order 12–13 (quotation omitted); June 11, 2008 Hr'g Tr. 35–37; see U.S.S.G. § 5K2.2. Thus, the court recalculated the advisory Guideline range for McAllister's violation of section 841(a)(1) as 151 to 188 months' imprisonment. June 11, 2008 Hr'g Tr. 37; see June 17, 2008 Order 13. The court then determined that a sentence of 180 months' imprisonment for the violation of section 841(a)(1) was sufficient but not greater than necessary. June 11, 2008 Hr'g Tr. 49–52; June 17, 2008 Order 13–15; see 18 U.S.C. § 3553(a)(1). Finally, the court sentenced McAllister to 60 months' imprisonment for the violation of section 924(c)(1) and ordered that McAllister serve his sentences consecutively. June 11, 2008 Hr'g Tr. 52; see June 17, 2008 Order 15–16; see also [D.E. 77] 2.

On appeal, McAllister attacked his sentence, and argued that the government engaged in prosecutorial misconduct during sentencing and that he received ineffective assistance of counsel in violation of the Sixth Amendment during sentencing. See United States v. McAllister, 380 F. App'x 362, 365 (4th Cir. 2010) (per curiam) (unpublished). As for the alleged prosecutorial misconduct, McAllister alleged that the government breached the plea agreement "by arguing at sentencing for a greater drug quantity than that stipulated in the plea agreement and by changing its position on McAllister's eligibility for the three-level reduction for acceptance of responsibility." Id. The Fourth Circuit rejected these arguments, holding that McAllister's perjury during the November 6, 2007 sentencing hearing justified the court's permitting the government to argue for an increased drug quantity accountability and for a denial of a reduction for acceptance of responsibility. Id. As for McAllister's argument of ineffective assistance of counsel, the Fourth Circuit held that because its "review of the record disclose[d] no evidence of [ineffective assistance of counsel]," the issue was not appropriate for direct appeal. Id. The Fourth Circuit rejected McAllister's other arguments and affirmed McAllister's sentence. Id. at 365–67.

In support of the section 2255 motion, McAllister makes similar, although not identical, arguments as those that he made on direct appeal. See Mem. Supp. Mot. Vacate 2. McAllister

4

alleges that he received ineffective assistance of counsel at sentencing, contending that his attorney appointed on December 12, 2006, Scott L. Wilkinson ("Wilkinson"), who represented McAllister at the November 6, 2007 sentencing hearing, acted ineffectively by failing to attack Perez's credibility and by failing to object to the government's polygraph evidence. Id. 3–8. McAllister also contends that his attorney appointed on April 18, 2008, William W. Webb, Sr. ("Webb"), who represented McAllister at the June 11, 2008 sentencing hearing, acted ineffectively by failing to move to withdraw McAllister's guilty plea and by failing to call witnesses to testify on McAllister's behalf. Id. 8–11, 15–17. Additionally, McAllister alleges that the government engaged in prosecutorial misconduct at the November 6, 2007 sentencing hearing by introducing "a flawed [p]olygraph examination result" and by "us[ing] perjured testimony . . . ." Id. 12–13.

II.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687–96; see also Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc).

As for Strickland's first requirement, "the proper standard for attorney performance is that of reasonably effective assistance." Strickland, 466 U.S. at 687. When it considers whether an

5

individual has satisfied this requirement, a reviewing court must judge counsel's conduct against" an objective standard of reasonableness . . . ." Van Hook, 130 S. Ct. at 16 (quotation omitted); see Strickland, 466 U.S. at 688. Counsel necessarily makes numerous tactical decisions during the various phases of a criminal proceeding, including the sentencing phase. See Strickland, 466 U.S. at 689; see also Wiggins v. Smith, 539 U.S. 510, 521–23 (2003). Thus, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 688–91; see Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008).

As for Strickland's second requirement, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691; see Van Hook, 130 S. Ct. at 19–20. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When an individual alleges that he was denied effective assistance of counsel at sentencing, the individual must show that, but for counsel's error, there is a reasonable probability that he would have received a shorter sentence. See Glover, 531 U.S. at 203–04; see also Lafler v. Cooper, 132 S. Ct. 1376, 1386, 1391 (2012).

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. In analyzing an ineffective assistance of counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The record belies McAllister's allegations of his attorneys' ineffectiveness. First, as the court has repeatedly explained, Perez did not testify falsely. See Nov. 6, 2007 Hr'g Tr. 154–55; Nov. 16, 2007 Order 1–2; June 11, 2008 Hr'g Tr. 18–25; June 17, 2008 Order 7. Moreover, Wilkinson did

6

not act unreasonably by failing to object to admissible evidence, including the polygraph evidence that the government obtained and used pursuant to paragraph 2(k) of the plea agreement. See Russell v. Jones, 886 F.2d 149, 152 (8th Cir. 1989) ("The performance of an attorney is not deficient for failure to object to admissible evidence."). Thus, McAllister's first alleged basis for ineffective assistance of counsel fails.

Next, even if there was a reasonable basis for objecting to the government's use of polygraph evidence, McAllister was not prejudiced by Wilkinson's failure to do so. The court had sufficient evidence, regardless of the results of the polygraph examination, to conclude that McAllister had perjured himself. See Plath v. Moore, 130 F.3d 595, 600-01 (4th Cir. 1997) (holding that counsel's failure to object to the prosecution's introduction of the results of a polygraph examination of a prosecution witness during the guilt phase of a criminal prosecution was not objectively unreasonable when "the jury had ample opportunity to observe [the witness] for a substantial period of time to reach [its] own conclusion[] regarding [the witness's] credibility" (quotation omitted)). Moreover, McAllister, through Webb, objected to the court's consideration of the polygraph evidence. See June 11, 2008 Hr'g Tr. 39-40. The court considered this objection when it sentenced McAllister. McAllister offers nothing new to change the court's consideration of this issue. Thus, McAllister's second alleged basis for ineffective assistance of counsel fails.

Additionally, accepting as true McAllister's allegation that he instructed Webb to seek to withdraw McAllister's guilty plea, see Mem. Supp. Mot. Vacate 9, Webb's failure to file such a motion was not objectively unreasonable. Withdrawal of a guilty plea is not a matter of right. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). After pleading guilty but before sentencing, a defendant may withdraw that plea only if he demonstrates "a fair and just reason for" withdrawal. Fed. R. Crim. P. 11(d)(2)(B); see Moore, 931 F.2d at 248. McAllister does not allege

7

that such a fair and just reason existed for him to withdraw his guilty plea.[2] "[A]n attorney cannot be charged with ineffective assistance of counsel for failing to raise a meritless claim." United States v. Graham, Civil Action No. 4:07-70108-TLW, Criminal No. 4:04-725-TLW, 2010 WL 1433367, at *7 (D.S.C. Apr. 18, 2010) (unpublished) (collecting cases); see United States v. Pea, Criminal Action No. 03-50013-07, 2009 WL 4782095, at *4 (W.D. La. Dec. 4, 2009) (unpublished) (holding that counsel did not act unreasonably by failing to file a motion to withdraw defendant's guilty plea when "[t]here [was] no indication that [defendant's] motion would have been accepted nor [had defendant] given any fair or just reason for his request to withdraw."). Thus, McAllister's third alleged basis for ineffective assistance of counsel fails.

Finally, Webb did not act unreasonably by failing to call as witnesses during the June 11, 2008 sentencing hearing the individuals that McAllister names in his supporting memorandum. See Mem. Supp. Mot. Vacate 15–17. Webb attempted to call at least some of these individuals as witnesses during the June 11, 2008 sentencing hearing. See June 11, 2008 Hr'g Tr. 2–3. However, the court refused to allow him to do so and explained why. See id. 3–11. Thus, McAllister's frustration is more appropriately directed at the court, rather than at Webb. Moreover, at the hearing, the court received and considered Webb's proffers as to what these individuals would say if called to testify. Id. 11. After considering the proffers, the court did not change its findings. See id. Live testimony from these individuals would not have been more compelling. Thus, McAllister was not prejudiced. To the extent McAllister argues that Webb should have called as witnesses additional individuals not discussed during the June 11, 2008 sentencing hearing, "a claim of ineffective assistance predicated on a failure to call witnesses fails where affidavits verifying the witnesses' testimony are not provided." Perry v. Dir., Va. Dep't of Corrs., No. 1:11cv354 (AJT/IDD), 2012 WL

---

[2] To the extent McAllister argues that the government breached the plea agreement, and that the government's breach would have given him cause to withdraw his plea, the argument fails. As the Fourth Circuit explained in rejecting McAllister's direct appeal, the government did not breach the plea agreement. See McAllister, 380 F. App'x at 365.

8

174846, at *4 (E.D. Va. Jan. 19, 2012) (unpublished), appeal dismissed, 474 F. App'x 304 (4th Cir. 2012) (per curiam) (unpublished); see Bassette v. Thompson, 915 F.2d 932, 940–41 (4th Cir. 1990). McAllister does not provide any new affidavits. Thus, McAllister's fourth alleged basis for ineffective assistance of counsel fails.

In sum, the performance of McAllister's attorneys was not ineffective, and McAllister was not deprived of his Sixth Amendment right to counsel. Accordingly, his attorneys' performances do not entitle McAllister to relief under section 2255.

Next, the court addresses McAllister's allegation of prosecutorial misconduct. When considering a claim of prosecutorial misconduct, the court must determine "whether the conduct so infected the [sentencing hearing] with unfairness as to make the resulting [sentence] a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (quotation omitted). "The test for reversible prosecutorial misconduct has two components; first, the defendant must show that the prosecutor's ... conduct [was] improper and, second, the defendant must show that such ... conduct prejudicially affected his substantial rights . . . . " Id.; see United States v. Caro, 597 F.3d 608, 624–25 (4th Cir. 2010), cert. denied, 132 S. Ct. 996 (2012).

The record dooms McAllister's allegations of prosecutorial misconduct. McAllister alleges that, during the November 6, 2007 sentencing hearing, "[t]he [g]overnment knowingly introduced a flawed [p]olygraph examination result . . . ." Mem. Supp. Mot. Vacate 12. However, other than McAllister's incoherent assertions concerning the polygraph examination, no evidence suggests that the results were erroneous, or that the government knew that the results were erroneous when it introduced them. Moreover, the court twice considered and rejected McAllister's arguments concerning the polygraph examination. See Nov. 6, 2007 Hr'g Tr. 133–51; June 11, 2008 Hr'g Tr. 18. Finally, as explained, McAllister incurred no prejudice from the polygraph examination results' admission. Even if the polygraph evidence had been excluded, the sentence would have been the same. Thus, McAllister's first alleged basis for prosecutorial misconduct fails.

9

McAllister also alleges that "[t]he [g]overnment allowed . . . Perez to commit [p]erjury" during the November 6, 2007 sentencing hearing. Mem. Supp. Mot. Vacate 13. As explained, Perez did not commit perjury. Thus, the government did not act inappropriately by calling Perez as a witness.

As for any other alleged basis for prosecutorial misconduct that McAllister intends to assert, the Fourth Circuit considered and rejected such claims on direct appeal. See McAllister, 380 F. App'x at 365. The court cannot reconsider the Fourth Circuit's conclusions here. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the government did not act improperly, and the government's actions did not deprive McAllister of his right to due process. Accordingly, the government's actions at sentencing do not entitle McAllister to relief under section 2255. Moreover, because the court finds that the government did not commit prosecutorial misconduct, it need not consider the government's argument that McAllister waived his right to argue prosecutorial misconduct in support of a section 2255 motion. See [D.E. 104] 2; see also [D.E. 54] 1–2.

After reviewing the claims presented in the section 2255 motion in light of the applicable standard, the court finds that reasonable jurists would not find the court's treatment of any of McAllister's claims debatable or wrong and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied. See 28 U.S.C. § 2253.

III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 103], DISMISSES McAllister's motion to vacate, set aside, or correct his sentence [D.E. 95, 99], DENIES AS MOOT McAllister's motion for an extension of time [D.E. 108], DENIES AS MOOT McAllister's motion requesting resolution of the pending motion [D.E. 110], and DENIES a certificate of appealability.

SO ORDERED. This 9 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge

11