IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CR-44-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TERRON MCALLISTER, | ) | |
| | ) | |
| Defendant. | ) | |

On June 18, 2007, pursuant to a written plea agreement, Terron McAllister ("McAllister") pleaded guilty to possession with the intent to distribute a quantity of cocaine base (crack) (count three), and possession of a firearm in furtherance of a drug trafficking crime (count four). See [D.E. 53, 54, 87]. On November 6, 2007, and June 11, 2008, the court held McAllister's sentencing hearing. See [D.E. 61, 76, 77, 86]. At the hearings, the court ruled on McAllister's objections and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 86] 11–26. The court calculated McAllister's offense level to be 28, his criminal history category to be III, and his advisory guideline range on count three to be 97 to 121 months' imprisonment. See Sentencing Tr. at 1–37. The court then upwardly departed by two levels pursuant to U.S.S.G. § 5K2.0 and by two levels pursuant to U.S.S.G. § 5K2.2. See id. at 26–37. Thus, McAllister's advisory guideline range on count three became 151 to 188 months' imprisonment based on an offense level of 32 and a criminal history category of III. See id. at 26–37. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McAllister to 180 months' imprisonment on count three and 60 months' consecutive imprisonment on count four. See id. at 50–56. McAllister appealed. On May 28, 2010, the United States Court

of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. McAllister, 380 F. App'x 362, 364–67 (4th Cir. 2010) (per curiam) (unpublished).

On November 18, 2015, McAllister moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 133]. McAllister's new advisory guideline range on count three is 78 to 97 months' imprisonment, based on a total offense level of 26 and a criminal history category of III. See Resentencing Report. McAllister requests a 144-month sentence on count three. See id.; [D.E. 133]. On December 1, 2015, the government responded in opposition. See [D.E. 136].

The court has discretion under Amendment 782 to reduce McAllister's sentence. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce McAllister's sentence, the court finds that McAllister engaged in serious criminal behavior. See PSR ¶¶ 8–14. McAllister also obstructed justice and engaged in conduct resulting in five separate assaults of two cooperating witnesses. See McAllister, 380 F. App'x at 366; PSR ¶ 77. Moreover, McAllister is a violent recidivist and has convictions for first degree manslaughter, resisting a public officer (two counts), and accessory after the fact to felony robbery with a dangerous weapon. See PSR ¶¶ 16–24. McAllister has also performed poorly on

2

supervision. See id. ¶¶ 17, 19–20. Nonetheless, McAllister has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that McAllister received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing McAllister's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies McAllister's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES McAllister's motion for reduction of sentence [D.E. 133].

SO ORDERED. This 25 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge

3